GRIFFIN, Judge,
concurring specially.
I do not vote to deny this petition on the ground that, simply by asserting objections or privileges for documents identified in a request to produce, the objecting party implicitly admits, concedes or is estopped to deny that he has possession of such documents.
I also have not voted to deny the petition on the ground that it is proper to require the defendants to obtain documents from their customers or former customers because it would be less burdensome and expensive than for the plaintiff. Normally a party should only be required to produce that which is in its possession or control.
What we have in this case, however, is an order in which the trial court has compelled the two corporate defendants to pro *34 duce documents commonly kept by a business: “transaction reports, trade reports, sales summaries.” [1] Such records, normally kept in the ordinary course of business are presumed to exist, absent a sworn denial. Norman v. Young, 422 F.2d 470 (10th Cir.1970). Given the nature of the request, petitioners were required to do more than merely inform opposing counsel, off the record, that they did not have possession of the documents.[2] “Having failed to properly deny that which was presumed to exist, defendants failed to establish their inability to comply with the order.” Id. at 473.

. The reports requested pertain to certain specified third party business entities. Petitioners do not contend they did not do business with these firms; they merely claim not to possess any documents.

. Also, there is no record of the hearing on the motion to compel.